668 N.W.2d 903 (2003)
ST. PAUL FIRE & MARINE INSURANCE COMPANY and Handicappers Information Counsel/Patient Equipment Locker, Inc., Plaintiffs-Appellees,
v.
MICHIGAN MUTUAL INSURANCE COMPANY, Defendant-Appellant.
Docket No. 123535, COA No. 231269.
Supreme Court of Michigan.
September 26, 2003.
On order of the Court, the application for leave to appeal the January 21, 2003 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we AFFIRM the judgment of the Court of Appeals on the issue of the duty to defend. We VACATE the judgment of the Court of Appeals on the issue of the duty to indemnify and we REMAND this case to the Court of Appeals for further consideration of that issue. The duty to defend is distinct from and is broader than the duty to indemnify. American Bumper and Mfg. Co. v. Hartford Fire Ins. Co., 452 Mich. 440, 450-452, 550 N.W.2d 475 (1996). Summary disposition for the plaintiff on the duty to indemnify is not proper where the evidentiary record is not fully developed or where there is a genuine issue of material fact. Polkow v. Citizens Ins. Co. of America, 438 Mich. 174, 180-181, 476 N.W.2d 382 (1991). In this case, the Gratiot Circuit Court granted to the plaintiff summary disposition on the duty to indemnify based on the allegations of the underlying complaint. On remand, the Court of Appeals should consider whether the Gratiot Circuit Court's decision was based on adequate evidence under MCR 2.116(G)(3).
*904 MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would deny or grant leave to appeal.