**DURAMAX MARINE LLC,**
Plaintiff–Appellant,

v.

**TRAVELERS INDEMNITY COMPANY OF ILLINOIS,**
Defendant–Appellee.

No. 03–3500.

United States Court of Appeals, Sixth Circuit.

Aug. 3, 2004.

Rehearing Denied Sept. 2, 2004.

Before DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

466

PER CURIAM.

In October 2000, Duramax Marine LLC ran an advertisement in WorkBoat Magazine, a national trade publication, stating that its keel cooler—an external cooling system for marine engines—was "The Best by Test." One of Duramax's competitors, R.W. Fernstrum & Co., filed suit alleging that because Duramax had not conducted any test establishing that its keel cooler was the best in the industry, its advertisement violated various statutes, including the federal Lanham Act and Michigan's Pricing and Advertising Act. After Duramax's insurance provider, Travelers Indemnity Co. of Illinois, refused to defend Duramax in the Fernstrum suit, Duramax filed this suit against Travelers. Duramax now appeals the district court's grant of Travelers's motion for judgment on the pleadings and its denial of Duramax's motion for partial summary judgment. Because we agree with the district court that Fernstrum's complaint did not allege claims that were arguably or potentially covered by Duramax's Travelers policies, we affirm.

The parties agree that Duramax's policies covered the specific advertising injuries of libel, slander, and disparagement. But the district court found that Fernstrum's complaint against Duramax asserted claims of false advertising and false representation—claims that the policies did not cover. Duramax argues that in deciding that Travelers did not have a duty to defend, the district court erred by not considering materials extrinsic to Fernstrum's complaint, specifically the opinion of a federal district court in Michigan denying Fernstrum's motion for a preliminary injunction and an affidavit Fernstrum submitted to the Better Business Bureau. Even if Ohio law allows such materials extrinsic to the complaint to trigger the duty to defend, these particular materials fail to establish that Fernstrum's allegations against Duramax were arguably or potentially claims for libel, slander, or disparagement. Instead, these materials repeat Fernstrum's allegations that Duramax made false statements about Duramax's own products—not that Duramax made false statements about Fernstrum's products. These extrinsic materials therefore support the district court's conclusion that Fernstrum's complaint asserted false advertising and false representation claims—claims Duramax's policy did not obligate Travelers to defend.

Accordingly, we affirm the judgment of the district court, for the reasons stated in that court's memorandum and order granting Travelers's motion to dismiss.