**INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., et al.,**
**Plaintiffs,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE CO.,**
**Defendant.**

**No. C 08–02621 JW.**

United States District Court,
N.D. California,
San Jose Division.

Feb. 19, 2010.

David A. Gauntlett, James A. Lowe, Gauntlett & Associates, Irvine, CA, for Plaintiffs.

Bruce D. Celebrezze, Gregory Charles Read, Michael Alan Topp, Sigrid Elizabeth Owczarek, Sedgwick, Detert, Moran & Arnold LLP, Martin Samuel Checov, Ryan

James Padden, O'Melveny & Myers LLP, Jia–Ming Shang, San Francisco, CA, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

JAMES WARE, District Judge.

Presently before the Court is Defendant St. Paul Fire and Marine Insurance Company's Motion for Leave to File a Motion for Reconsideration of the Court's December 16, 2008 Order Based on Change of Law.[1] Defendant contends that there has been a material change in the law since the Court issued its December 16 Order governing the dispositive issue of whether Defendant had a duty to defend Plaintiff. (Motion at 1–2.)

Civil Local Rule 7–9(a) provides as follows:

Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in the case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7–9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

In doing so, the moving party must specifically show the following:

(1) That at the time of filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7–9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7–9(c). "A party who violates this restriction shall be subject to appropriate sanctions." *Id.*

Here, Defendant contends that the California Court of Appeals decision in *Total Call Int'l, Inc. v. Peerless Ins. Co.*,[2] which was issued on January 21, 2010, precludes a finding that Defendant owed Plaintiff a duty to defend, and thus the Court's Order granting partial summary judgment to

---

**1.** (hereafter, "Motion," Docket Item No. 321; *see also* Order Granting Plaintiff's Motion for Partial Summary Judgment on Defendant's Duty to Defend; Denying Defendant's Cross–Motion for Summary Judgment, hereafter, "December 16 Order," Docket Item No. 55.) On February 12, 2010, Plaintiff filed an Opposition to St. Paul's Motion for Leave to File a Motion for Reconsideration of the Duty to Defend. (hereafter, "Opposition," Docket Item No. 322.) Defendant objected to and

moved to strike Plaintiff's Opposition on the ground that it was improperly filed pursuant to Civ. L.R. 7–9(d). (*See* Docket Item No. 323.) Since the Court did not rely on Plaintiff's Opposition for the disposition of this Motion, the Court DENIES Defendant's Motion to Strike and Objection as moot.

**2.** 181 Cal.App.4th 161, 104 Cal.Rptr.3d 319 (2010).

Plaintiff on that issue is no longer supportable under California law. (Motion at 1–3.) In *Total Call*, the court found that a general liability insurance carrier did not owe a duty to defend where the underlying complaint against the policy holder alleged that the policy holder, a seller of phone card services, did not provide the number of calling minutes promised in its advertisements. (*Id.* at *4.) The court relied on the California Supreme Court's holding in *Blatty v. New York Times Co.*[3] for the proposition that the torts of product disparagement, trade libel, and defamation, which were covered under the general liability policy at issue, all "require that the injurious false statement 'specifically refer to,' or be 'of and concerning,' the plaintiff in some way." *Total Call Int'l Inc.*, 181 Cal.App.4th at 170, 104 Cal.Rptr.3d 319. Since the allegation that the policy holder "communicate[d] to customers that they [would] receive [a] certain number of minutes for a certain cost" did not refer to the plaintiffs specifically or by reasonable implication, the court found that the suit was not covered under the policy. *Id.* at 168, 104 Cal.Rptr.3d 319.

The Court finds that *Total Call* does not represent a material change in governing law. Rather, the court in *Total Call* applied the same California Supreme Court precedent that this Court applied in its December 16 Order. The fact that the *Total Call* court reached a different result than this Court is of no moment since the factual circumstances in both cases are distinguishable. In contrast to *Total Call*, the Court here found that the allegations in the underlying complaint referred disparagingly to a competitor by clear implication. (*See* December 16 Order at 9.) Specifically, the Court found significant the allegations that Plaintiff falsely stated that it was the "only" producer of "all

Java" and "fully J2EE" software solutions, which was an "important differentiator" between competing products, even though some competitors offered products with these exact features. (*Id.*) In *Total Call*, however, the complaint only alleged that the policy holder did not provide the service it promised in its advertisements, which by itself "carrie[d] no implication" that one company's phone cards cost more or less than another's. *Total Call Int'l Inc.*, 181 Cal.App.4th at 171, 104 Cal.Rptr.3d 319. Since the *Total Call* court applied the same legal standard that this Court applied in its December 16 Order, but to a different set of factual circumstances, the Court finds that *Total Call* does not represent a material change in governing law.

As an alternate basis for seeking leave to file a motion for reconsideration, Defendant contends that the court's decision in *Total Call* regarding the "nonconformity" exclusion for coverage under the policy also constitutes a material change in governing law. (Motion at 3.) In *Total Call*, the court found that the exclusion precluded "coverage for third party claims predicated on allegations that the policy holder's advertising misrepresented the quality or price of the policy holder's own product." *Total Call Int'l, Inc.*, 181 Cal. App.4th at 172, 104 Cal.Rptr.3d 319. In its December 16 Order, the Court addressed the nonconformity exclusion in a footnote, stating that the exclusion does not apply here because "[t]his case . . . is not related to the performance of Plaintiff's products. Rather, this action is based on alleged trade libel committed by Plaintiff, with respect to negative comparisons Plaintiff made about competitors vis-a-vis Plaintiff's products. It is irrelevant whether Plaintiff's products actually possessed the at-

---

**3.** 42 Cal.3d 1033, 1042, 232 Cal.Rptr. 542, 728 P.2d 1177 (1986).

tributes advertised by Plaintiff." (December 16 Order at 3 n.5.) In contrast to *Total Call,* the Court here found clearly implied disparagement, which removed the case from the purview of the nonconformity exception. Again, since the differing outcomes in both cases are due to distinguishable factual circumstances, and not to application of different law, the Court finds that *Total Call* does not represent a material change in governing law.

Accordingly, the Court DENIES Defendant's Motion for Leave to File a Motion for Reconsideration.