NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0213n.06

No. 16-1724

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 11, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| VITAMIN HEALTH, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| HARTFORD CASUALTY INSURANCE CO., | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:     KEITH, BATCHELDER, and McKEAGUE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Plaintiff-Appellant Vitamin Health, Inc. appeals the district court's grant of summary judgment for Defendant-Appellee Hartford Casualty Insurance Co.  Vitamin Health alleges that Harford breached the parties' insurance contract when it refused to defend Vitamin Health in an earlier lawsuit.  Upon review of the record and relevant case law, we affirm.

**I.**

Vitamin Health, Inc. ("Vitamin Health") manufactures products intended to reduce the risk of developing age-related macular degeneration.  Vitamin Health advertises its products as AREDS 2-compliant, indicating to consumers that the products contain the combination of vitamins recommended by the second Age-Related Eye Disease Study ("AREDS 2"), a 2013 study conducted by the National Eye Institute for the National Institutes of Health.

On September 16, 2013, Bausch & Lomb, which is not a party to the case before us here, filed a complaint against Vitamin Health in the United States District Court for the Western District of New York, alleging patent infringement ("Underlying Action"). Like Vitamin Health, Bausch & Lomb also manufactures supplements for eye health. In an amended complaint filed on April 21, 2014, Bausch & Lomb alleged two counts of patent infringement and a third count of false advertising. As to this latter count, Bausch & Lomb alleged that Vitamin Health's product contained less zinc than what the AREDS 2 study recommended, meaning that Vitamin Health's advertising of the product as being AREDS 2-compliant was "false and/or likely to mislead or confuse customers."[1] Because it marketed and sold a competing product, Bausch & Lomb alleged that Vitamin Health's false advertising caused it harm. Vitamin Health tendered defense of the Underlying Action to Hartford Casualty Insurance Company ("Hartford"), seeking coverage from Hartford under insurance policies issued to Vitamin Health annually over the course of nine years. Vitamin Health asserted that the false advertising claim fell within the policy's definition of "personal and advertising injury," but Hartford disagreed and denied defense.

On January 9, 2015, Vitamin Health filed a complaint in the United States District Court for the Eastern District of Michigan for declaratory relief and breach of contract against Hartford. Specifically, Vitamin Health sought an order from the district court declaring that Hartford was required to defend Vitamin Health in the Underlying Action and that Hartford was

---

[1] The amended complaint reads, in relevant part, "Vitamin Health's labeling, promotion and marketing of its Viteyes® AREDS 2 25 mg zinc products as the AREDS 2-recommended formulations are false and/or likely to mislead or confuse."

required to indemnify Vitamin Health for any judgment resulting from Bausch & Lomb's false advertising claim.[2] Vitamin Health expressly limited the action to the false advertising claim.

Hartford moved for summary judgment, and Vitamin Health filed a cross-motion for partial summary judgment. The district court found that the false advertising claim in the Underlying Action was not covered by Vitamin Health's insurance policy. Moreover, the district court found that, even if the false advertising claim fell within the language of the specified provision of the insurance agreement, the claim would be excluded under two policy exclusions. Having found that Hartford neither had a duty to defend nor a duty to indemnify Vitamin Health, the district court granted Hartford's motion for summary judgment and denied Vitamin Health's. Vitamin Health appealed.

## II.

We review de novo a district court's grant of summary judgment. *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 792 (6th Cir. 2009). The parties do not dispute that Michigan law governs the rights and obligations of the parties under the insuring agreement in this case. Under Michigan law, "the proper interpretation and application of an insurance policy is a question of law." *City of Grosse Pointe Park v. Mich. Mun. Liab. and Prop. Pool*, 702 N.W.2d 106, 112 (Mich. 2005) (citation omitted).

In Michigan, "[i]f the policy does not apply, there is no duty to defend." *Am. Bumper & Mfg. Co. v. Hartford Fire Ins. Co.*, 550 N.W.2d 475, 481 (Mich. 1996). But "[i]f the allegations of a third party against the policyholder even arguably come within the policy coverage, the

---

[2] Although neither party discusses the disposition of the Underlying Action, it appears that Vitamin Health and Bausch & Lomb settled their lawsuit, after a jury trial had begun, in August 2016. The district court entered a final judgment on December 20, 2016. At Bausch & Lomb's request, the false advertising claim and one of the patent claims were dismissed with prejudice prior to the commencement of the jury trial. *See Bausch & Lomb, Inc. v. Vitamin Health, Inc.*, No. 6:13-cv-06498 (W.D.N.Y. 2016); Docs. 343 and 366. Therefore, Hartford is no longer under a current duty to defend. This does not render the appeal moot, however, as Vitamin Health could still have a claim for breach of contract for Hartford's failure to defend.

insurer must provide a defense[,] . . . even where the claim may be groundless or frivolous." *Id.* (internal citations and footnote omitted). The Michigan Supreme Court has held that "it is the insured's burden to establish that his claim falls within the terms of the policy, [while] the insurer should bear the burden of proving an absence of coverage." *Hunt v. Drielick*, 852 N.W.2d 562, 565 (Mich. 2014) (internal citations and quotation marks omitted). Any doubt as to the liability of the insurer under the policy must be resolved in the insured's favor, *id.*, but while broad, the duty to defend is not boundless, *see Northland Insurance Co. v. Stewart Title Guaranty Co.*, 327 F.3d 448, 457 (6th Cir. 2003). It "'depends upon the allegations in the complaint' against the insured," although "[t]he duty to defend is not limited by the precise language in the underlying complaint." *Northland Ins. Co.*, 327 F.3d at 457 (quoting *Detroit Edison Co. v. Mich. Mut. Ins. Co.*, 301 N.W.2d 832, 835 (Mich. Ct. App. 1980)).

Finally, "[t]he duty to defend is distinct from and is broader than the duty to indemnify." *St. Paul Fire & Marine Ins. Co. v. Mich. Mut. Ins. Co.*, 668 N.W.2d 903 (Mem) (Mich. 2003) (citing *Am. Bumper & Mfg. Co.*, 550 N.W.2d at 481). "The duty to indemnify typically does not arise until liability for the injury has been established." *Orchard, Hiltz & McCliment, Inc. v. Phoenix Ins. Co.*, No.16-1176, 2017 WL 244787, at *4 (6th Cir. Jan. 20, 2017) (quoting *Gelman Sci., Inc. v. Fireman's Fund Ins. Cos.*, 455 N.W.2d 328, 330 (Mich. Ct. App. 1990)) (quotation marks omitted).

## III.

The district court determined that the Underlying Action could not arguably fall within Hartford's policy coverage of "personal and advertising injury." Under the policy, coverage extends to "personal and advertising injury" offenses arising out of, among other things, "Oral,

written or electronic publication of material that slanders or libels a person or organization or

*disparages a person's or organization's goods, products or services*[.]"[3]

Vitamin Health contends that Bausch & Lomb's action against it arguably falls within the coverage because Bausch & Lomb claimed that Vitamin Health's mislabeling of its products injured Bausch & Lomb. In other words, Vitamin Health argues that it is alleged to have disparaged Bausch & Lomb by implication. The district court disagreed, finding

> that there can be no disparagement, where, as here, a policy holder is alleged to have misrepresented the content of its *own* product, and not its competitor's. Here, the false advertising claim in the Underlying Action arose out of Vitamin Health's alleged "knowing and willful false and misleading labeling of *its* products."

We agree with the district court. At the outset, we note that the word "disparagement"—or any variation thereof—does not appear in the amended complaint in the Underlying Action. Although Vitamin Health correctly argues that we must focus on whether Bausch & Lomb's amended complaint could potentially support a disparagement claim, *American Bumper & Manufacturing Co.*, 550 N.W.2d at 481, we find that Vitamin Health's argument is meritless. We have held that under Michigan law "a disparagement claim requires a company to make false, derogatory, or disparaging communications *about a competitor's product*." *S. Bertram, Inc. v. Citizens Ins. Co. of Am.*, 657 F. App'x 477, 481 (6th Cir. 2016) (citing *Newshewat v. Salem*, 173 F.3d 357, 362 (6th Cir. 1999)); *see also Eng'g Tech., Ltd. v. Aetna Cas. & Sur. Co.*, No. 91-1659, 1991 WL 278971, at *2 (6th Cir. Dec. 27, 1991) (per curiam) ("A disparaging statement is one that discredits or casts into doubt another's work or product."). In the Underlying Action, Bausch & Lomb alleged that Vitamin Health made false and misleading

---

[3] The parties agree that the only polices at issue here are the policies in effect beginning on December 27, 2012, through December 27, 2013, and December 27, 2013, through December 27, 2014.

statements about its *own* products. The district court was therefore correct in holding that the Underlying Action could not be interpreted to include an explicit disparagement claim.

Vitamin Health implicitly acknowledges this by primarily relying on a theory of "implied disparagement," which, according to Vitamin Health, occurs whenever one company claims its products are superior to all other products. Vitamin Health points us to Bausch & Lomb's claim that the Bausch & Lomb eye supplement, PreserVision®, is the only one that complies with the AREDS 2 formula. Vitamin Health argues that because Bausch & Lomb alleged that Vitamin Health's allegedly inferior product "has caused and will continue to cause Bausch & Lomb to lose sales of its PreserVision® AREDS 2 products," Vitamin Health has implicitly disparaged Bausch & Lomb's product.

Even if we followed the logic of Vitamin Health's claim (which we do not), we would remain uncertain as to whether Michigan law recognizes claims of disparagement by implication. In *S. Bertram*, a case that resembles this one, we cursorily dismissed the policy holder's disparagement-by-implication argument. In that case, the Food and Drug Administration ("FDA") had recalled some of Bertram's "Eden Quality Products" due to high arsenic content. *S. Bertram*, 657 F. App'x at 478. Eden Foods, a company that had registered "Eden" as a trademark, sued Bertram, "alleg[ing] that Bertram's use of the 'Eden Quality Products' label caused consumers to confuse Bertram's products with Eden Foods' products and harmed Eden Foods' reputation because consumers mistakenly attributed Bertram's recalled apple juice to Eden Foods." *Id.* at 478–79. Bertram asked its insurer, Citizens, to defend and indemnify it against Eden Foods' lawsuit, arguing that the underlying action was covered under the insurance policy's "personal and advertising injury" section. *Id.* at 479. Bertram, like Vitamin Health, raised a disparagement-by-implication claim. *Id.* at 481. However, because "Eden Foods

alleged harm from Bertram's publication of the FDA recall notice regarding *Bertram's* product," we held that Bertram could not succeed on its disparagement claim. *Id.* We held that "the cases Bertram cite[d] again cut against it, as they show that a disparagement-by-implication claim still requires one company to clearly compare its products to a competitor's." *Id.* at 481–82 (citing *Infor Global Solutions (Mich.), Inc. v. St. Paul Fire & Marine Ins. Co.*, 686 F. Supp. 2d 1005, 1007 (N.D. Cal. 2010)). Neither party points us to any Michigan case or any other binding law supporting or rejecting a disparagement-by-implication claim.[4]

Nonetheless, we need not decide whether Michigan law recognizes disparagement-by-implication claims, as Vitamin Health's argument cannot sustain itself even if it did. Vitamin Health would have us look to *E.piphany, Inc. v. St. Paul Fire & Marine Insurance Co.*, 590 F. Supp. 2d 1244 (N.D. Cal. 2008), in which the Northern District of California determined that the allegations in the underlying complaint established disparagement by "clear implication." *Id.* at 1253. In *E.piphany*, the court held that an insurer had a duty to defend when a competitor had sued the insured for "falsely stat[ing] that it was the 'only' producer of 'all Java' and 'fully J2EE' software solutions, which was an 'important differentiator' between competing products, even though some competitors offered products with these exact features." *Id.* The court found that the insured's "false claims about the superiority of its own products, which clearly and necessarily implied the inferiority of [the competitor's] competing products, result[ed] in damages to [the competitor]." *Id.*

---

[4] Our own research has produced a singular, unpublished case from the Michigan Court of Appeals. In *Veterans of Foreign Wars v. Auto-Owners Insurance Co.*, No. 202664, 1999 WL 33444142, at *2 (Mich. Ct. App. May 25, 1999), the Michigan Court of Appeals found that the underlying allegation "neither explicitly allege[d] nor fairly implie[d] that plaintiff disparaged [the third party's] goods, products, or services. Furthermore, absolutely no indication or implication exists elsewhere within the instant record that plaintiff disparaged [the third party's] goods, products, or services." The court ultimately found that a claim of tortious interference could not give rise to a disparagement claim. *Id.* at *2–*3.

Unlike the insured in *E.piphany*, Vitamin Health did not make claims about the superiority of its own product, nor is there any implication of such an allegation. Rather, as the district court correctly discerned, "Vitamin Health has argued that it is Bausch [&] Lomb that allegedly advertises its products as superior to its competitors."[5] That is the reverse of *E.piphany*. Furthermore, the Supreme Court of California's recent description of a successful disparagement-by-implication claim demonstrates specificity and the relative narrowness of that doctrine. In *Hartford Casualty Insurance Co. v. Swift Distribution, Inc.*, 326 P.3d 253 (Cal. 2014), the California Supreme Court held that

> the related requirements of derogation and specific reference may be satisfied by implication where the suit alleges that the insured's false or misleading statement necessarily refers to and derogates a competitor's product. A publication that claims a superior feature of a business or product as distinct from all competitors, such as a claim to be the "only" producer of a certain kind of software or the "only" owner of a trademark, may be found to clearly or necessarily disparage another party even without express mention. To find specific reference in these circumstances is consistent with limiting disparagement claims "to those who are the direct object of criticism and denying it to those who merely complain of nonspecific statements that they believe cause them some hurt."

*Id.* at 263 (quoting *Blatty v. New York Times Co.*, 728 P.2d 1177, 1183 (Cal. 1986)).

It is curious that Vitamin Health relies on California law, when its argument could not even withstand California's "specificity" requirement for disparagement-by-implication claims. Vitamin Health has not demonstrated that Bausch & Lomb's complaint expressly alleged that Vitamin Health disparaged Bausch & Lomb's products. Moreover, Vitamin Health has not shown that its own assertions of superiority implicitly disparaged Bausch & Lomb's products. Having directed us to no jurisdiction that recognizes disparagement by implication to include

---

[5] Vitamin Health supports its argument by referring us to Bausch & Lomb's website. However, the law requires us to look to the complaint as to what claims an insurance policy may cover. *Northland Ins. Co.*, 327 F.3d at 457. Vitamin Health cannot add to Bausch & Lomb's complaint.

claims that allege that an insured has made false statements about its own products while not also making any comparison to another's products, Vitamin Health cannot succeed on this point.

Simply put, the gravamen of Bausch & Lomb's claim against Vitamin Health is for false advertising, not product disparagement. Vitamin Health's insurance policy did not require Hartford to defend Vitamin Health for false advertising claims, and so Hartford had no duty to defend Vitamin Health on this claim in the Underlying Action. Because the duty to defend is broader than the duty to indemnify, we also hold that Hartford has no duty to indemnify Vitamin Health for costs associated with its defense in the Underlying Action.

**IV.**

The district court held in the alternative that Hartford was not under a duty to defend Vitamin Health because the Underlying Action fell within two of the policy's exclusions. Because the Underlying Action is not covered by the policy, we need not determine whether either of the policy exclusions applies.

For the foregoing reasons, the judgment of the district court is affirmed.